UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHINEKA MCCAIN,

        Plaintiff,                           Case No. 07-13831

vs.                                   DISTRICT JUDGE NANCY G. EDMUNDS,
                                        MAGISTRATE JUDGE STEVEN D. PEPE

WELLS FARGO HOME LOANS,

        Defendant.
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS (DKT. # 7).**

       On September 11, 2007, Plaintiff filed a *pro se* Complaint based on diversity pursuant to 28 U.S.C §1332, against Defendant, Wells Fargo Home Loans, alleging that Defendant, committed fraud breaching its contract with the Plaintiff in violation of her constitutional rights. (Dkt. # 1, Complaint, p. 1). On October 12, 2007, Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. # 7). On November 2, 2007, Plaintiff filed a response to this motion which Defendant replied to on November 8, 2007 (Dkt. # 10, # 12).

       All pretrial proceedings have been referred to the undersigned (Dkt. # 5). Pursuant to 28 U.S.C. §636(b)(1)(A), a motion to dismiss for failure to state a claim upon which relief can be granted requires a report and recommendation. Under Rule 12(b), because Defendant has submitted the note, mortgage, and certain other documents signed by Plaintiff which were not attached to the complaint, this matter is to "be treated as one for summary judgment and disposed of as provided in Rule 56." For the reasons stated below, **IT IS RECOMMENDED** that Defendant's motion be **GRANTED** .

**I.  Background:**

Plaintiff, in her Complaint, details the difficult financial circumstances that she recently has experienced. Unemployed for over a year and raising three children, Plaintiff fell behind in her mortgage payments (Dkt. # 3, p. 1). Plaintiff's efforts to find assistance, so that she could remain in possession of her home, were unsuccessful, and her home was sold at an auction in March 2007 (Dkt. # 1, p. 1).

Plaintiff claims that the selling of her note and mortgage was a breach of contract, fraudulent, unconscionable and a violation of her constitutional rights. (Dkt. # 1, p. 1) In her motion to regain the premises, she claims she discovered that her home mortgage was a fraud akin to "stealing, counterfeiting and swindling" (Dkt. # 3, p. 1). The "fraud" that Plaintiff claims is that her original mortgage with Plymouth Exchange Mortgage Corporation was sold, on the secondary mortgage market[1], to Washington Mutual Bank and finally to its current holder, Well Fargo Home Loans (Dkt. # 1, p. 2).

**II.  Legal Analysis:**

(A.) <u>Legal Standards for Motion to Dismiss</u>

Motions to dismiss are governed by Rule 12(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b). Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Prior to this year's cases of *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007)*,* and *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007), "the accepted rule" of pleading sufficiency was stated in *Conley v. Gibson*, 355 U.S. 41, 46 (1957), which stated "that a complaint should not be dismissed for failure to state a claim unless *it*

---

[1]The secondary mortgage market refers to a market in which mortgages and mortgage backed securities are traded.

*appears beyond doubt* that the plaintiff can *prove no set of facts* in support of his claim which would entitle him to relief." (Emphasis supplied.). *Twombly* notes that under a "literal reading of *Conley*'s 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly* 127 S.Ct. 1955, 1968 (2007). *Twombly* rejects this literal reading of *Conley* and required that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. Instead of the 'no set of facts' standard of *Conley, Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts alleged there is a " 'reasonably founded hope' " that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741(1975). Consistent with this clarification by *Twombly*, the Sixth Circuit has earlier noted that "[i]t is not enough for a complaint under §1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986). "A judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995). While in deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true" *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir.1996), the court is not required to accept as true alleged legal conclusions or unwarranted factual inferences. *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000); *see also Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law,

the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). As noted above, however, "while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Ibid.* "In practice, 'a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.' " *In re DeLorean,* 991 F.2d at 1240 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988)).

As noted above, because Defendant has submitted the note, mortgage, and certain other documents signed by Plaintiff which were not attached to the complaint, Rule 12(b) requires this matter to "be treated as one for summary judgment and disposed of as provided in Rule 56."

(B.) Legal Standards for Summary Judgment

In the present case summary judgment should be entered if the evidence Defendant has attached signed by Plaintiff is such that a reasonable jury could find only for the moving party because these documents are legally binding on Plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). *See also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a

situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Moreover, when a motion for summary judgment is filed, the adverse party may not merely rely "upon the mere allegations or denials of the adverse party's pleading, but . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

While Plaintiff makes various legal arguments about fraud, duress or the legality concerning the documents she signed and Defendant has attached, for reasons noted below those defenses are not viable and there is no material issue in dispute that Plaintiff signed these documents and is bound by their terms.

## III.    Analysis:

Defendant, in its 12(b)(6) motion, asserts that "Plaintiff expressly agreed that her mortgage and note may be assigned and admits in her complaint that she received notices of the assignments" (Dkt. # 7, p. 3). The mortgage, by its very terms, is assignable as paragraph 12 of the mortgage notes: "Successors and Assigns Bound; Joint and Several Liability; Co-Signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Subject to the provisions of paragraph 9(b)." (Dkt. 7, Ex. 1, ¶ 12).

Further, the Servicing Disclosure signed by Plaintiff states as follows: "notice to first lien mortgage loan applicants: the right to collect your mortgage loan payments may be transferred. Federal law gives you certain related rights. If your loan is made, save this statement with your loan documents. *Read this statement and sign it only if you understand its contents"* (Dkt. # 7,

Ex. 2) (emphasis added).

The Servicing Disclosure has a section entitled "Servicing Transfer Estimate by Lender." In this section, Plymouth Exchange Mortgage Corporation indicated that "we presently intend to assign, sell or transfer the servicing of your mortgage loan" and indicated that "[f]or the program you have applied for, we expect to: assign, sell or transfer . . . __x__ 76% to 100% or (all)".

On December 10, 2004, Plaintiff signed a document attesting that she "read this disclosure form and understands its contents, as evidenced by my/our signature(s) below. I/we understand that this acknowledgment is a required part of the mortgage loan application."

Plaintiff, in her reply, claims that the mortgage contract is "void at law" and that her rights are being violated due to an "unconscionable contract, duress and lack of knowledge of what Paramount Title to land is" (Dkt. # 10, p. 2).

In a prior Report and Recommendation, Plaintiff's claim that her mortgage contract was fraudulent were addressed and noted that "in the absence of more facts Plaintiff has not shown that the normal operation of the mortgage market in this case constitutes fraud or a violation of Plaintiff's constitutional rights" (Dkt. # 9, p. 3). She has not asserted any facts against Defendant or others constituting fraud to call the loan note or mortgage into question.

Plaintiff, in her Complaint, failed to plead duress which she first raised in response to Defendant's current motion. Regardless, the allegations do not support such a claim of duress. Her duress claim related to her "delusion" that signing the documents was the only way in her divorce and dire economic situation to secure housing for her children. While Plaintiff's unfortunate social and economic situation were unquestionably distressing and placing her in a desperate bind, these conditions were not caused by Defendant or any prior holder of the note and mortgage and are not sufficient to constitute legal duress voiding a contract.

In *Hackley v. Headley*, 45 Mich. 569, 574, 8 N.W. 511, 512 (1881), Justice Thomas Cooley stated that "duress exists when one by the unlawful act of another is induced to make a contract or perform some act under circumstances which deprive him of the exercise of free will." *Hackley v. Headley*, 45 Mich. 569, 574, 8 N.W. 511, 512 (1881). *See Patton v. Wood Cty. Humane Soc.*, 154 Ohio App. 3d 670, 2003-Ohio-5200, 798 N.E.2d 676 (6th Dist. Wood County 2003) (To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract; it is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party.).

Professor Williston in his treatise on contracts gave the following definition of economic duress: (1) The party alleging economic duress must show that he has been the victim of a wrongful or unlawful act or threat, and (2) Such act or threat must be one which deprives the victim of his unfettered will. WILLSTN-CN § 71:19.

Plaintiff has not asserted that the Defendant or anyone related to the documents signed engaged in an unlawful act depriving her of the exercise of her free will. Plaintiff, by signing the mortgage agreement and the servicing disclosure, acknowledged that she read and understood the terms she entered into with Plymouth Exchange Mortgage Corporation including that the lender intended to "assign, sell or transfer" the mortgage (Dkt. # 7, Ex. 2). Nothing indicates that legal duress was present in the formation of this contract. In every respect, the mortgage appears as a valid contract requiring a "bargain in which there is a manifestation of mutual assent to the exchange and a consideration." REST 2d CONTR § 17. By all accounts, Plaintiff entered into a valid contract whereby she borrowed $142,871, and in return agreed to make monthly payments of $845.14 at an interest rate of 5.875% (Dkt. # 7, Ex. 1). Plaintiff failed to make these payments, and in March 2007 her house was sold.

Even if duress were present, Plaintiff would be deemed to have ratified the contract by virtue of her residence in the home and her payment of mortgage payments. "One entitled to repudiate a contract on the ground of duress should ... act promptly after the duress has been removed, this being particularly true where the transaction has operated to alter legal rights by transferring them to another." 77 A.L.R.2d 426 § 3.[2]

Nor has Plaintiff stated specific facts beyond conclusions that the loan and mortgage transactions, nor Defendant's collection efforts violated either the Truth in Lending or the Fair Debt Collections Practices Act ("FDCPA"). While Plaintiff's complaints about the enforcement of the mortgage in state court to collect on the defaulted loan is stated, Plaintiff does not state any facts supporting a Truth in Lending claim. Also, her claims that jurisdiction in this court divests Michigan state courts of jurisdiction to enforce a Mortgagee's rights is not supported by any case or statutory authority. Further her claim that she somehow posted a bond to defeat Defendant's rights and other unusual assertions under the U.c.C. or the need for actual possession of property used to secure a loan are groundless.

Regarding her collection practices claims under FDCPA, neither Defendant Wells Fargo Home Loans nor any of its officers or employees are a "debt collector" under FDCPA because Wells Fargo Home Loans' "principal purpose . . . is [not] the collection of any debts, [nor does it] . . . regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due or

---

[2]*See Cabot Corp. v. AVX Corp.*, 448 Mass. 629 (Mass. 2007) (A party may ratify an agreement entered into under duress in a number of different ways: (1) by intentionally accepting benefits under the contract; (2) by remaining silent or acquiescing in the contract for a period of time after he has the opportunity to avoid it; and (3) by recognizing its validity, by acting upon it, by performing under it, or by affirmatively acknowledging it.); *Sams v. Sams*, 2002 PA Super 300, 808 A.2d 206 (Pa. Super. Ct. 2002) ("Ratification," in context of contract law, results if party who executed contract under duress accepts benefits flowing from it, or remains silent, or acquiesces in contract for any considerable length of time after party has opportunity to annul or avoid contract.).

asserted to be owed or due another." [3] Defendant directly or through purchases obtains and services mortgage loans as its principal business and it, and its officers and employees may when necessary take steps to collect those secured loans if they fall into default without becoming a "debt collector" under FDCPA . Defendant and its employees may collect on its own mortgage loans that is acquired before they were in default. While, the law firm of Trott and Trott to whom Plaintiff also refers may be a "debt collector" under FDCPA , it is not a defendant in this action.

Accordingly, there is no question of material fact from which a fact finder could conclude other than that Plaintiff signed a note to acquire a house, mortgaged the home as security, the instruments allowed assignment of the note and mortgage to Defendant, Plaintiff defaulted on the loan, and is bound by the terms and conditions of the legal documents she signed.

**I.     Recommendation:**

Accordingly, for the reasons noted above, it is recommended that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and incorporating Rule 56 be **GRANTED** and

---

[3] The Fair Debt Collection Practices Act ("FDCPA" or "Act") defines debt collector as:
**(6)** The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails *in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.* For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. *The term does not include--*
   *(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;*

15 U.S.C. §1692a(6) (emphasis added).

Plaintiff's complaint **DISMISSED** with prejudice**.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: November 26, 2007                    s/Steven D. Pepe
Ann Arbor, Michigan                         United States Magistrate Judge

# **CERTIFICATE OF SERVICE**

I hereby certify that on <u>November 26, 2007</u> , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Nelson O. Ropke</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:<u> Shineka Chantaye McCain, P.O. Box 48460, Oak Park, MI 48237</u>

<u>s/ James P. Peltier</u>
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peltier@mied.uscourts.gov
